# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD ANTHONY DALPOAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-19-208-JFH-SPS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Chad Anthony Dalpoas requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was thirty-seven years old at the time of the administrative hearing (Tr. 63). He completed his GED and has worked as a salvage laborer and material handler (Tr. 25, 241). The claimant alleges inability to work since November 17, 2016, due to a crushed right elbow, PTSD, and paranoid schizophrenia (Tr. 240).

### Procedural History

The claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 17, 2016. His application was denied. Following an administrative hearing, ALJ J. Leland Bentley found that the claimant was not disabled in a written decision dated September 20, 2018 (Tr. 13-28). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1581.

### Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. At step two, the ALJ found the claimant had the severe impairments of status post ORIF in the right upper extremity, methamphetamine abuse, unspecified psychotic disorder, anxiety, and antisocial traits (Tr. 15). At step four, he then found that the claimant had the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 416.967(c), except that he was able to understand, remember, and apply simple instructions and concentrate and persist for extended periods in order to complete simple,

repetitive, and routine tasks with routine supervision. He further found the claimant could adapt and respond appropriately to a routine work setting and maintain superficial work relationships with coworkers and supervisors, but that he would need to avoid contact with the general public. Finally, he found the claimant could handle frequent, but not constant, reaching and pulling with the right upper extremity (Tr. 18). The ALJ thus concluded at step four that the claimant could return to his past relevant work as a salvage laborer (but not as a material handler) (Tr. 25). Alternatively, he concluded at step five that there was other work he could perform, *i. e.*, laundry worker I, machine packager, and stores laborer (Tr. 26).

## Review

The claimant's sole contention of error is that he is unable to perform the jobs identified at steps four and five by the ALJ, in light of the assigned RFC. Because this contention lacks merit, the decision of the Commissioner should be affirmed.

At the administrative hearing, the ALJ elicited testimony from a vocational expert ("VE") to determine if there were jobs the claimant could perform with his limitations (Tr. 85-87). The ALJ posited, *inter alia*, a hypothetical in which an individual with the age, education, and work history of the claimant would have the RFC for medium work as outlined above, specifically including the limitation to "understand, remember, and apply simple instructions, and concentrate for extended periods in order to complete simple, repetitive, and routine tasks[.]" (Tr. 85). The VE indicated that the claimant could return to his past work as a salvage laborer as generally and actually performed (Tr. 86). He also identified three other medium jobs such a person could perform: (i) launder worker I,

DICOT § 361.684-014; (ii) machine packager, DICOT § 920.685-078; and (iii) stores laborer, DICOT § 922.687-058 (Tr. 86).  The VE indicated that the information provided was not in conflict with the Dictionary of Occupational Titles ("DOT") (Tr. 87).

As relevant to this appeal, the ALJ in his written decision found the claimant could perform his past relevant work as a salvage laborer at step four, but went on to step five and also adopted the VE's testimony that the claimant could perform the medium, unskilled jobs of laundry worker I, machine packager, and stores laborer (Tr. 25-26).  Furthermore, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 26).  The claimant asserts that he is unable to perform his past relevant work or any of the jobs identified because there is a conflict between the information provided and the Dictionary of Occupational Titles ("DOT").

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled.  The [ALJ] will explain in the determination or decision how he or she resolved the conflict.  The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added].  Although the VE did not identify any conflict between her testimony and the DOT, the claimant contends there is a conflict with regard to the reasoning levels of each of the jobs identified.  *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between

the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

All four of the jobs adopted by the ALJ, at step four and step 5, have a reasoning level of 2. See DICOT §§ 929.687-022, 361.684-014, 920.685-078, 922.687-058. A reasoning level of two requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." See DICOT §§ 929.687-022, 361.684-014, 920.685-078, 922.687-058. The claimant asserts that this reasoning level is incompatible with the RFC limitation to simple, repetitive tasks. The undersigned Magistrate Judge agrees with the Commissioner, however, that a reasoning level of two *is consistent* with performing simple tasks, although a reasoning level of three is not, and that other courts—particularly the Tenth Circuit—have reached the same conclusion. See *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) ("This level-two reasoning appears more consistent with Plaintiff's RFC [limiting her to simple and routine work tasks.]"); *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) ("Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree."). See also *Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. March 13, 2017) ("In accordance with the court's findings in *Hackett*, a restriction to simple work is consistent with this reasoning level [of 2]."); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive

instructions[,] [t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two.").

The undersigned Magistrate Judge thus finds that the ALJ properly identified past relevant work and additional jobs at step five that do not pose a conflict with the assigned RFC in this case.  *See Stokes v. Astrue,* 274 Fed. Appx. at 684 (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform).  Accordingly, the decision of the ALJ should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct.  The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**